**EUCLID (City), Plaintiff-Appellee, v. GENERAL MOTORS CORPORATION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 24027, 24028. Decided February 27, 1957.

Paul Torbet, Director of Law, Arthur L. Leppert, Asst. Director of Law, for plaintiff-appellee.

Jones, Day, Cockley & Reavis, Luther Day, J. L. Schaffer, Frank C. Heath, Thomas P. Mulligan, Ellis McKay, of Counsel, Henry M. Hogan, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a finding, judgment and sentence entered by the Municipal Court of Euclid, finding defendant guilty of violating an ordinance of the City of Euclid prohibiting "unnecessary noises."

The defendant was arrested on three separate charges of the violation of the ordinance in question. It was found guilty on two of the charges and not guilty for want of sufficient evidence as to the third charge. The ordinance, insofar as it is applicable to these cases, provides as follows:

"Sec. 1. **Unnecessary Noises.** It shall be unawful for any person to make, continue, or cause to be made within the City of Euclid any unreasonably loud, disturbing and unnecessary noise, or noises of such character, intensity and duration as to be detrimental to the life and health of any individual. The following acts, among others, are declared to be loud, disturbing and unnecessary noises in violation of this section but said enumeration should not be deemed to be exclusive, namely:

"* * *

"8. The creation of a loud and **excessive** noise in connection with loading or unloading any vehicle, or the opening and destruction of bales, boxes, crates and containers.

"* * *

"11. The operation of a mechanical device in the open which annoys

or disturbs the quiet, comfort or repose of any person or persons in their residence; provided that any such noise that can be distinctly heard at a distance of more than 150 feet from its source shall be deemed excessive.

"* * *"

The affidavit in Case No. 24027 charges the defendant did make or cause to be made on its property "a loud and **successive** noise in connection with loading or unloading of railroad cars and did create or cause to be created noises which annoyed and disturbed the quiet, comfort or repose of a person in her residence," between the hours of 12:30 to 2:00 A. M. of May 23, 1956. (Emphasis added.) The affidavit in Case No. 24028 charges the defendant "did make or cause to be made an unreasonably loud or disturbing noise and a noise of such character and intensity and duration as to be detrimental to the life and health of persons residing in the vicinity of said premises * * *" after 9:00 P. M. on May 21st, 1956.

The defendant is a large corporation operating many plants in this and other communities throughout the country and producing many products for industrial, commercial and retail uses. Its plant here concerned is located in a sixty-one acre tract facing on Euclid Avenue on its southerly line, the Nickle Plate Railroad is on its north line and is immediately west of the residence properties on the west side of East 204th Street between Euclid Avenue and Roseland Avenue. This property, and the plant located thereon, is in a territory zoned "U6 Industrial" by the Zoning Ordinance of the City of Euclid. The plant is used to assemble Chevrolet and Pontiac station wagon bodies. There are three spur railroad tracks from the Nickle Plate switch tracks located to the north on defendant's property, two of the spurs leading into the plant which are used for loading and unloading purposes and one located just east of the plant which is used for switching purposes by Nickle Plate crews. The prosecuting witnesses who testified for the city live on East 204th Street, which is zoned for two-family residences, such residence property being separated from defendant's plant by a fence which is along defendant's easterly property line about 165 feet east of its plant.

The defendant claims the following errors:

1. The affidavits do not charge an offense under the ordinance.

2. The court was in error in exclusion of evidence.

3. The court was in error in finding defendant guilty upon the evidence submitted.

The first claim of error is well taken as to the affidavit filed in Case No. 24027. The affidavit as above set out charges the defendant with making or causing to be made on its premises a loud and "successive" noise in connection with the loading and unloading of railroad cars and that it did create or cause to be created noises which annoyed and disturbed the quiet, comfort or repose of a person in her residence (during certain hours of the day set forth in the affidavit). The ordinance defines the crime intended to be prohibited as "unreasonable and unnecessary" noises. No mention is made of either of these requirements in the affidavit. The word "successive" is found in the affidavit

in connection with the word "loud" in loading or unloading railroad cars. No attempt to amend the affidavit was made during trial so that the meaning that must be ascribed to this charge is that the noise complained of was loud and intermittently continuous. Even if it were to be considered as meaning "excessive" still the requirements of "unnecessary" and "unreasonable" are entirely absent from the allegations of the affidavit, and for that reason, the affidavit is insufficient under the provisions of the ordinance. It must be obvious that in a district zoned for "industrial use" noises reasonably necessary, made in the regular conduct of a legitimate business within the classification of the zoning ordinance of the district, would not be a violation of the provisions of the ordinance here considered.

The evidence in support of this charge is wholly insufficient. There is not a word to even suggest that the defendant or any of its employees was in any way connected with the switching operations on the railroad tracks servicing defendant's plant. The presumption must be, without proof to the contrary, that these operations were under the exclusive dominion and control of the railroad company and independent (in the operation of the switch engine and coupling of cars) from any control of the defendant. This being a criminal action, unless the acts of the railroad company could be linked with the defendant as an aider and abettor or co-conspirator, the unlawful acts, if any, of any of the railroad company employees could not be charged against the defendant. The law of agency has no application here.

The city's first witness whose only complaint had to do with a noise on the "third track" in the coupling of boxcars which sounded like an "atomic bomb going off" would have no application to the charge made against the defendant. What the basis of this witness's experience in regard to an atomic bomb might be from which to make the comparison is not in the record. In all events, she was awakened at twelve thirty A. M. by this "terrific bump" and was awake until two A. M., but heard no other noises throughout the period she remained awake. This is in direct contradiction as to what was heard by other witnesses with regard to noises that might be attributable to the defendant rather than the railroad company. Considering all of the record, in addition to the fact that the affidavit is not sufficient, the conclusion is unescapable that the city's case is not supported by sufficient evidence.

The charge contained in the affidavit of Case No. 24028 is, as above indicated, "that on or about the 21st day of May, 1956, after 9:00 P. M. caused to be made an unreasonably loud or disturbing noise * * * and a noise of such character, intensity and duration as to be detrimental to the life and health of persons residing in the vicinity * * *."

Here again there is no allegation that whatever noise was made by the defendant was, under the circumstances, unreasonable and unnecessary. These are essential elements of the crime as defined in the ordinance. It could not have been the purpose of the city council of Euclid to zone the property of the defendant for industrial use and then, after large sums of money have been spent to employ the property as zoned, to prevent its use for the purposes intended by an ordinance prohibiting

certain noises that does not take into account, under the circumstances, noises necessarily resulting from a proper and reasonable use of the property  To do so would result in taking property without due process in violation of constitutional guaranties.

The evidence as presented in this case, aside from being contradictory to the point of destroying the credibility of the several witnesses who testified, falls far short of being sufficient to establish all of the necessary elements of the crime charged.  There is no evidence whatever to connect what noise there was with the necessary elements of the crime charged that such noise was "unnecessary" or "unreasonable" or "detrimental to the life and health of any person."

For the foregoing reasons, the judgments in each case are reversed and final judgment, discharging the defendant, is entered.

HURD, and KOVACHY, JJ, concur.